UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERA M. PARCHMENT,<br><br>                    Plaintiff,<br><br>  -against-<br><br>THE NATIONAL FLOOD INSURANCE PROGRAM and NATIONAL FLOOD INSURANCE PROGRAM DIRECT SERVICING AGENT<br><br>                    Defendants. | Civil Action No..:<br><br><br><br>COMPLAINT AND JURY TRIAL DEMANDED |

Plaintiff, VERA M. PARCHMENT by her attorneys, WILKOFSKY, FRIEDMAN, KAREL and CUMMINS, as and for her Complaint, herein alleges the following upon information and belief:

**VENUE**

1.   Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 as the property that is the subject of this action is situated in this judicial district.

**JURISDICTION**

2.   This action arises under the National Flood Insurance Program ("NFIP"), Federal regulation and common law, and the flood insurance Policies that Defendant procured for and issued to the Plaintiff in its capacity as a WYO carrier under the NFIP. The Policies covered losses to insured's property, which is located in this judicial district.

3.   Federal Courts have exclusive jurisdiction pursuant to 42 U.S.C. § 4072 over all disputed claims under NFIP Policies, without regard to the amount in controversy, whether brought against the government or a WYO company.

4.   This court has original exclusive jurisdiction to hear this action pursuant to 42 U.S.C. § 4072 because the insured's property is located in this judicial district.

5. This court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

## PARTIES

6. At all times herein mentioned and material hereto, Plaintiff was and is the owner of residential real property located at 481 Lakeside Avenue, Orange, New Jersey ( "subject premises").

7. At all times herein mentioned and material hereto, Plaintiff was and still is resident of the County of Essex in the State of New Jersey.

8. THE NATIONAL FLOOD INSURANCE PROGRAM, Deanne Criswell in her Official Capacity as Administrator of the Federal Emergency Management Agency, Alejandro Mayorkas in his Official Capacity as Secretary of the United States Department of Homeland Security (hereinafter "FEMA") is a federal agency under the United States Department of Homeland Security that administers and issues flood insurance policies pursuant to the National Flood Insurance Program and the National Flood Insurance Act of 1968, as amended, 42 U.S.C. § 4001, et seq. Defendant Deanne Criswell is a proper party to this action pursuant to 42 U.S.C. § 4072, which authorizes suit against the Administrator of FEMA in his official capacity to assert claims related to the disallowance or partial disallowance of a flood insurance claim. See also 44 C.F.R. §§ 61, App. A(1), Section VII(R) and 62.22. Defendant Alejandro Mayorkas is also a property party pursuant to section 503 of the Homeland Security Act of 2002, Pub. Law 107 296, 5 U.S.C. §§ 301 et seq., which transferred all functions, personnel, and liabilities of FEMA to the Secretary of the Department of Homeland Security.

9. Defendant National Flood Insurance Program (hereinafter "NFIP") is an entity which Plaintiff has been advised is a correct party NFIP is responsible for Plaintiff's insurance benefits. Plaintiff has been advised that NFIP is part of Federal Emergency Management Agency (hereinafter referred to as "FEMA"), and that NFIP operates out of an office in Shawnee Mission, Kansas at P.O. Box 2966, Shawnee Mission, KS 66201.

## AS AND FOR THE FIRST CAUSE OF ACTION
## AGAINST FEMA FOR BREACH OF CONTRACT

10. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs as if more fully set forth herein.

11. Heretofore and prior to October 25, 2020, the FEMA made and issued a flood insurance policy bearing number 4000517726 (the "Policy") pursuant to the National Flood Insurance Program to Plaintiff wherein and whereby insured the subject premises for damages sustained to the building premises and contents.

12. The policy provided indemnification for flood damages incurred at the insured's property.

13. At all times relevant and on the date of September 1, 2021, the Plaintiff maintained an insurable interest in the subject premises.

14. On or about September 1, 2021, the subject premises suffered a loss caused by catastrophic flood damage, a peril covered under the policy provided by FEMA.

15. At all times relevant and on or about September 1, 2021, while the policy was in full force and effect, the subject premises was directly and physically damaged by a cover peril under the Policy issued by FEMA.

16. Plaintiff timely notified FEMA of the damages.

17. FEMA failed and refused, in breach of its obligations under the subject policy, to issue payment for Plaintiff's claim.

18. By reason of FEMA's breach of contract with Plaintiff, the Plaintiff has suffered financial damages.

19. Plaintiff is entitled to recover attorney's fees as a prevailing party pursuant to the Equal Access to Justice Act, 28 USC § 2412 (b).

20. Plaintiff sustained damages by reason of FEMA's breach of its contractual obligations under the policy.

## AS AND FOR THE SECOND CAUSE OF ACTION
## AGAINST NFIP FOR BREACH OF CONTRACT

21. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs as if more fully set forth herein.

22. Heretofore and prior to October 25, 2020, NFIP made and issued a flood insurance policy bearing number SF00016919 (the "Policy") pursuant to the National Flood Insurance Program to Plaintiff wherein and whereby insured the subject premises for damages sustained to the building premises and contents.

23. The policy provided indemnification for flood damages incurred at the insured's property.

24. At all times relevant and on the date of September 1, 2021, the Plaintiff maintained an insurable interest in the insured property.

25. On or about September 1, 2021, Plaintiff's property suffered a loss caused by catastrophic flood damage, a peril covered under the policy provided by NFIP.

26. At all times relevant and on or September 1, 2021, while the policy was in full force and effect, the subject premises was directly and physically damaged by a cover peril under the Policy issued by NFIP.

27. Plaintiff timely notified NFIP of the damages.

28. NFIP failed and refused, in breach of its obligations under the subject policy, to issue payment for Plaintiff's claim.

29. By reason of NFIP's breach of contract with Plaintiff, the Plaintiff has suffered financial damages.

30. Plaintiff is entitled to recover attorney's fees as a prevailing party pursuant to the Equal Access to Justice Act, 28 USC § 2412 (b).

31. Plaintiff sustained damages by reason of NFIP's breach of its contractual obligations under the policy.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray that this Court enter judgment in favor of Plaintiff and against Defendant for all proceeds due under the insurance policy in an amount to be determined at trial, reasonable attorney's fees and costs and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
      August 29, 2022

                      WILKOFSKY FRIEDMAN,
                        KAREL & CUMMINS

                      *Harry Cummins*
By:   _____
       HARRY A. CUMMINS (4403)
       Attorneys for Plaintiff
       299 Broadway - Suite 1700
       New York, New York 10007
       (212) 285-0510

HC:lv\mc
20222\22NJ163.L1